COREY v. SUMNER.

The same magistrate to whom complaint for bastardy is made should issue the warrant upon said complaint.

When the complaint was made before a justice of the peace in Vermont, and the warrant was issued by a justice in New Hampshire, the proceeding was held irregular.

Such defect will not be waived by the respondent by waiving the complaint and warrant and giving bond for appearance at court, if he had no knowledge of the defect, and made his objection as soon as it came to his knowledge.

This is a proceeding under the bastardy act, in the name of the State, by Maria W. Corey against James B. Sumner, Jr. The respondent was arrested under a warrant issued by a justice of the peace in this county upon a complaint made and sworn to in Vermont, before a justice of the peace of that State. The respondent was taken before a Coös county justice of the peace, and there, without hearing the complaint read, and without knowledge that it was so made in Vermont, he waived the reading of the complaint, and the examination, and gave bond for his appearance at the supreme judicial court. The proceeding was entered at the April term, 1871,* and the respondent season-

---

* The Gen. Stats., ch. 76, sec. 4, which took effect January 1, 1868, substituted a recognizance for the bond required by former statutes.

REPORTER.

ably moved to dismiss the complaint and that the same be quashed; and the court, subject to exception, granted the motion.

The questions of law were reserved.

*Benton & Ray*, for the complainant.

*Burns & Heywood*, for the defendant.

SARGENT, C. J.    The case finds that the respondent, without knowledge that the complaint was made in Vermont, waived the reading of said complaint and warrant at the hearing before the justice, and gave bond for his appearance at the supreme judicial court.    The proceeding was entered April term, 1871, and the respondent seasonably moved to dismiss the complaint and that the same be quashed.

Gen. Stats., chapter 76, section 1, provide that any woman, pregnant with a child, which, if born alive, may be a bastard, may make complaint in writing, under oath, to any justice of the peace, against any man, &c.; and said justice may thereupon issue his warrant, &c.

From this language, it is apparent that the complaint must not only be made to a justice of the peace in this State, but that it must be made to the same justice who afterwards issues the warrant.    Said justice shall thereupon issue his warrant.    The warrant in this case was improperly issued, and stands, in fact, no better, that we can see, than a warrant issued without any complaint at all, which clearly could give the magistrate before whom such warrant was returned no jurisdiction of the case.    It would stand very much like the writ in the case of *Kidder* v. *Prescott*, 24 N. H. 263, which was process under the landlord and tenant act, where the plea raised the question of title; and the action was entered in the court of common pleas, under the provisions of the statute in such cases.    There the action was answered to, without objection, before the magistrate.    But when the copies were sent up, and after entry in the court above, it was ascertained by the certificate of the magistrate that the writ had not been signed by him, but by the plaintiff's attorney, by his consent and by his special authority, though not in his presence.    This appeared by the certificate of the justice upon the copies.    The motion to quash was granted, although the defendant had pleaded to the merits before the magistrate.    It was done, so far as appears, without knowledge of the defect.    *Ela* v. *McConihe*, 35 N. H. 279; *Warren* v. *Glynn*, 37 N. H. 340.

In this case, the defendant had reason to suppose that there was a a legal warrant against him,—as in that case, that the signature of the magistrate was genuine; and his waiving of the reading cannot be considered as a waiver of any objections to the complaint, which were not known to the respondent, and which he had no reason to suspect the existence of.

It is stated, as a general rule, that motions to dismiss should be made at the first term after entry here—*Hanson* v. *Hoitt*, 14 N. H. 60, and cases cited; *Rogers* v. *Odell*, 39 N. H. 418—while it is held that

all such objections are waived by pleading to the merits, issue, trial, and verdict—*Lowell* v. *Sewell*, 15 N. H. 37. The motion to quash, in this case, was made at the first term upon entry in this court, and at the earliest possible period after the objection was known to the respondent. We think this is sufficient, and that the motion to quash was properly granted, and that the exception must be overruled.

*Proceedings quashed.*